September 20, 2007

Honorable Joseph F. Bataillon
Roman L. Hruska U.S. Courthouse
111 South 18th Plaza #3259
Omaha, NE 68102-1322

  **RE:**  **Eric M. Baird**
     **8:07CR204**

Dear Judge Bataillon:

  This letter brief is submitted in support of the defendant's objections to paragraph 22 of the Revised Presentence Report.

  Pursuant to U.S.S.G. §2G2.2(b)(3)(B) the defendant has objected to a five level increase under this section.

  The government relies on United States vs. Griffin (482 F.3d 1008). The Eighth Circuit holding as a matter of first impression that a five level enhancement for the distribution of child pornography should be applied to the defendant who downloaded and shared child pornography files via the internet peer-to-peer file sharing network. The Griffin court analyzed a peer-to-peer file sharing network called Kazaa. Kazaa allows its users to utilize the internet to search for specific terms in the file names and descriptive fields of files located in any other Kazaa users folders. A Kazaa user can then download these files from the users shared folders. The downloaded file will automatically be placed in the users my shared folder to be searched and downloaded by other users unless the local user disables this feature. This peer-to-peer feature allows internet users to literally reach in to other Kazaa users computer files and retrieve information from folders at will. The Griffin court held that the stored files in Mr. Griffin's shared folder on his computer were accessible by other users in the network and therefore constituted distribution and thus the five level increase was appropriately applied.

Honorable Joseph F. Bataillon
September 20, 2007
Page Two


  Eric Baird was not using and did not have installed a peer-to-peer file sharing program on his computer. Additionally, or more importantly the evidence recovered in this matter comes from a disk which Mr. Baird created. After the disk was created Mr. Baird removed all of the offending or illegal files from his computer. They were completely deleted, destroyed and not accessible by anyone.

  Mr. Baird had used what is called an internet relay chat (IRC). IRC is a form of real time internet chat. This is not an internet wide file sharing program or type of communication. IRC is mainly used for communication in real time through discussion forums called channels. Users log into a server and are then able to communicate with everyone else logged into that same server in real time. IRC users have the ability to connect directly with other users for private messaging.

  Peer-to-peer file sharing programs are designed for file sharing and that is their only use. Peer-to-peer users can search for files from all other users folders. IRC programs are designed for messaging. IRC is more likened to instant messaging than peer-to-peer file sharing. With instant messaging comes the ability to share files but it is much more widely used for instant communication. Just because the ability to share files is present within a program does not constitute peer-to-peer. The ability to share files in email programs is there. However, and more importantly, that is not referred to as peer-to-peer file sharing. Mr. Griffin admitted that he downloaded child pornography files from Kazaa. Mr. Griffin knew that Kazaa was a file sharing network and knew that by using Kazaa other Kazaa users could download files from his computer. These admissions seemed to be critical in the Eighth Circuit decision. Mr. Baird made no such admissions. Therefore the defendant requests that a five level increase not be applied in calculating the suggested guideline range in this matter.


        Very truly yours,


        s/James E. Schaefer, #13667


JES/mc