IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

          Plaintiff,

   vs.

ERIC BAIRD,

          Defendant.

8:07CR204

ORDER

      This matter is before the court on the defendant's motion to eliminate all terms and conditions of supervision pertaining to computer monitoring, travel, search, and the prohibition on contact with minors. Filing No. 79.  The court has carefully reviewed the request.  Further, the Probation Office has given the court its recommendation and the court has reviewed the same.

      On December 19, 2007, Mr. Baird was sentenced to 24 months' custody followed by a five-year term of supervised release for Possession of Child Pornography (18 U.S.C. 2252 (a)(4)(B)).  He was sentenced below the recommended guideline range of 46 to 57 months' custody. Mr. Baird's term of supervised release commenced on November 24, 2009.  To date, Mr. Baird has completed almost five years of supervision. His term of supervision will expire on November 23, 2014.  The Probation Office took defendant off daily computer monitoring on September 1, 2014, but a final search will be conducted in October 2014.

      The court notes that the travel restriction is a standard restriction of supervised release and better enables the Probation Office to monitor offenders. Exceptions are granted on a case-by-case basis usually determined by an offender's employment.  The

defendant has not demonstrated such a need. Additionally, the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250(a), requires offenders to report changes of residence. The travel restriction along with the change of residence requirement better enables the Probation Office to ensure offender conforms to the Act. It also ensures that the defendant is not engaging in illegal activity in other jurisdictions.

The search clause is standard and to date defendant's residence and vehicle have not been searched. The condition prohibiting incidental contact is necessary, given the instant offense and the number of images of child pornography. Likewise, the court finds no reason to eliminate the standard requirement that the probation officer approve defendant's living condition.

The probation officer does recommend that the daily computer monitoring should be removed as a condition, but not the entire computer monitoring condition. The court agrees and will make that modification.

THEREFORE, IT IS ORDERED that defendant's request for modification of conditions and special conditions of his supervised release is granted with regard to daily computer monitoring. All other conditions shall remain in effect through the remainder of defendant's supervised release. Thus, defendant's request in all other respects is denied.

Dated this 10th day of September, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge